

FILED

AUG 29 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 07-25684-A-13G
)
FRANK RICHARD VINCENT, )
)
)
    Debtor. )
_____ )

**MEMORANDUM**

The debtor has filed a motion seeking an extension of the automatic stay pursuant to 11 U.S.C. § 362(c)(3). That motion will be denied.

Debtor Frank Richard Vincent has filed two chapter 13 petitions in this court. The first, Case No. 07-24181, was filed on June 4, 2007. It was dismissed on August 14, 2007 because the debtor failed to pay the filing fee in installments as ordered by the court.

The current petition was filed on July 23, 2007 and it remains pending.[1] However, because the first petition was

---

[1] Why the debtor filed the second petition before the first petition had been dismissed is unclear from the record. The order to show cause that resulted in the dismissal of the first case was not issued until July 26, 2007, three days after the debtor filed the second petition. Also puzzling is the fact

pending but dismissed within one year of the filing of this petition, the automatic stay would expire 30 days later unless it was extended by the court. See 11 U.S.C. § 362(c)(3). Further, any request to extend the automatic stay had to be made and acted on by the court within the first 30 days of the case.

The debtor filed a motion to extend the automatic stay on August 7, 2007, in the second case. Because the debtor failed to file a notice of hearing as required by Local Bankruptcy Rule 9014-1, the clerk notified the debtor by telephone that the motion would not be placed on the court's calendar for a hearing until a notice of hearing was filed and served. See Docket Entry #17.

The court notes further that there were two other problems with the motion.

First, it was not served by the debtor on the trustee or any of his creditors. The court has authority to extend the automatic stay, but only after notice and a hearing. See In re Taylor, 334 B.R. 660 (Bankr. D. Minn. 2005); In re Collins, 334 B.R. 655 (Bankr. D. Minn. 2005); In re Charles, 332 B.R. 538 (Bankr. S.D. Tex. 2005). Given the absence of any notice, even if the debtor had correctly set a hearing on his motion, it would have been denied.

Second, the hearing date selected by the debtor was August 13. Assuming the debtor had given notice of the motion and the

---

that on July 23, 2007, the same day the second case was filed, the debtor filed in the first case a motion to extend the automatic stay. Given the pendency of the first case, and given that no earlier petition had been dismissed, the automatic stay was in no jeopardy of expiring in the first case.

1  hearing on August 7, the amount of notice would have been
2  insufficient.
3       The Sacramento and Modesto Divisions of this court utilize a
4  "self-set" law and motion calendaring system.  The mechanics of
5  setting a motion, like the motion filed by the debtor, are
6  described in a calendaring memorandum that is available at the
7  court as well as on the court's Internet site.  See
8  www.caeb.uscourts.gov/data/tentrule/lmS_08_10.pdf.  This
9  memorandum gives the available hearing dates for each bankruptcy
10 judge as well as the instructions for setting the hearing.  For
11 instance, it states in relevant part:

> The Bankruptcy Abuse Prevention and Consumer Protection
> Act of 2005 contains a number of provisions requiring
> or permitting an expedited hearing.  See, inter alia,
> 11 U.S.C. §§ 362(c)(3); 362(c)(4)....  All motions
> requiring an expedited hearing, whether or not related
> to the new bankruptcy law, shall be set for hearing
> before the assigned judge on the notice required by
> Local Bankruptcy Rule 9014-1(f)(1) [28 days' notice of
> the hearing] or (f)(2) [14 days' notice of the
> hearing].  The moving party must serve all persons
> entitled to notice with the motion and the notice of
> the hearing.  When an expedited hearing is necessary
> but there is no available hearing date or no hearing
> date that permits giving the amount of notice required
> by Local Bankruptcy Rule 9014-1(f)(1) or (f)(2), or
> when emergency circumstances warrant a more immediate
> hearing, the party making the motion shall request in
> writing that the amount of notice be shortened [see
> Local Bankruptcy Rule 9014-1(f)(3)] and/or that the
> motion be specially set for hearing.  It is the
> responsibility of the party making the motion to insure
> that it is filed and served timely, and set for hearing
> within the time constraints imposed by the Bankruptcy
> Code, the Bankruptcy Rules, and the circumstances of
> the case.

25      Thus, it was incumbent on the debtor to give a minimum of 14
26 days of notice of the hearing or to request an order specially
27 setting the hearing on less than 14 days of notice.  Assuming
28 service on August 7, the debtor gave seven days of notice even

-3-

though he made no request to shorten notice from fourteen to seven days.

The debtor made no attempt to correct any of these problems. Instead, on August 20, he filed a second motion to extend the automatic stay pursuant to section 362(c)(3). His motion indicated that it would be heard by the court on August 27.

There were four problems with the second motion.

First, like the first motion, there is no certificate of service indicating that the debtor served anyone with the motion.

Second, as noted above, the local rules of this court require a minimum of 14 days of notice of a hearing on a motion. Assuming the motion was mailed to all parties in interest on the date it was filed, the debtor gave only seven days of notice of the August 27 hearing. Absent an order from this court, seven days of notice is not enough notice.

Third, the debtor made no attempt to ask the court to permit a hearing on less than 14 days of notice.

Fourth, and most serious, is the fact that August 27 fell on the 35th day after the filing of the pending case. A motion to extend the automatic stay must be filed, and the hearing must be completed, before the expiration of the initial 30 days of the case. See 11 U.S.C. § 362(c)(3)(B). See also, In re Ziolkowski, 338 B.R. 543, 545 (Bankr. D. Conn. 2006); In re Wright, 339 B.R. 474, 475 (Bankr. E.D. Ark. 2006); In re Toro-Arcila, 334 B.R. 224, 226 (Bankr. S.D. Tex. 2005). Thus, even assuming proper service and sufficient notice, it was too late on August 27 to grant relief under section 362(c)(3).

///

Therefore, a separate order denying the motion will be entered by the court.

Dated: 29 August 2007

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Frank Vincent
5650 Havencrest Cir
Stockton, CA 95219

Russell Greer
PO Box 3051
Modesto, CA 95353-3051

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: August 30, 2007

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus